THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE R. REILLY, Appellant.

Fourth Department, June 28, 1938.

*Samuel M. Fleischman*, for the appellant.

*Frank G. Raichle, Jr., Special Assistant District Attorney*, of counsel [*Aline M. Jokl* and *James O. Moore, Jr.*, with him on the brief], for the respondent.

CUNNINGHAM, J. The defendant had a false name placed on a payroll of the city of Buffalo. Each week he drew pay under this false name and never did any work for the city. He has been

convicted of a violation of the provisions of section 1864 of the Penal Law.

The question to be determined in this case is whether the defendant, not being a public officer at the time of the commission of the acts alleged, may be convicted under such section.

Section 1864 provides that " a person who, being or acting as a public officer, or otherwise " wrongfully obtains public money, or aids or abets another in wrongfully obtaining public money, is guilty of a felony.

The defendant contends that the words " or otherwise " are general words following the enumeration of a specific class (public officer) and that, therefore, under the rule *ejusdem generis*, the words " or otherwise " must be restricted to the same class particularly stated. This rule of construction will be applied as an aid in ascertaining the legislative intent, but does not control where the words of the statute indicate that such limitation was not intended. The rule is one of clarification of the meaning of the statute and not one of distortion of the significance of the words used therein. The word " otherwise " means " differently " and the use of this word shows that a meaning was to be given to it different from that of the words preceding it. What the Legislature really said was that the section applied to a person who was acting as a public officer or otherwise than as a public officer. There is not any ambiguity in the words used or any obscurity in the meaning thereof.

The use of the word " otherwise " discloses a purpose to widen the scope of the section so that it would apply to other than public officials.

The title of the section " obtaining proceeds of fraudulent audit or payment " plainly sets forth that the section provides punishment for any person who procures public moneys by fraudulent means.

It is also provided that " a conviction under this section forfeits any office held by the offender."

The words " any office held by the offender " mean an office, *if any*, held by the offender, and show that the provisions of the section were intended to include not only public officials but others also. If the section applied only to officials, the sentence quoted would have been omitted and the words " or by both such imprisonment or fine " would have been followed by the words " and in addition thereto forfeits his office," the phraseology used in section 1823 of the same article.

The article of the Penal Law containing section 1864 does not relate exclusively to wrongful acts committed by public officials.

It applies to a person who gives or offers a bribe to an executive officer (§ 1822), to a person who attempts to prevent an officer from performing his duties or to one who resists an officer (§§ 1824 and 1825), to a person who makes a corrupt bargain for appointment to an office or public position (§ 1832, subd. 1), to an intrusion into a public office (§ 1835), to making arrests without lawful authority (§ 1846), to refusing to aid an officer in making an arrest (§§ 1848 and 1849), to resisting execution of process and resisting a public officer in the discharge of his duties (§§ 1850 and 1851), to fraudulently presenting bills to public officers for payment (§ 1872), and to taking property from officer's custody (§ 1873). It is apparent that the fact that section 1864 is contained in the article relating to public offices and officers does not signify that its application is limited to public officials.

The Penal Law is not to be strictly construed. On the contrary, the provisions thereof should be interpreted according to the fair import of their terms, so that justice may be promoted and the objects of the law effected. (Penal Law, § 21.)

The Legislature has thus directed the courts not to use artful reasoning in the interpretation of the Penal Law, but it is our duty to give to its words their usually accepted meaning so that the wrongdoer shall be punished. The section of the Penal Law in question was enacted to protect the public treasury against spoliation by wrongful acts and a construction should not be placed upon its language that will permit an offender to escape the punishment provided therein.

The defendant was properly convicted of the crime charged, and, therefore, the judgment should be affirmed.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment of conviction and orders affirmed.