■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, J. MILFORD KIRKUP, JR., IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7256.) The People of the State of New York, Plaintiff, v. J. MILFORD KIRKUP, JR., ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7258.) — Motion of defendant KIRKUP to dismiss, as to him, indictments numbered 7256 and 7258 for insufficiency of proof to warrant their return by the Grand Jury at the Extraordinary Trial and Special Term of the County of Suffolk. Motion granted, indictments dismissed, and bail exonerated. The proof warrants a finding that the proprietor of a retail drugstore and his successors in interest had, over a period of approximately five years, ordered drugs from manufacturers ostensibly for use at a County home but actually for sale by them to the public. By reason of a discount accorded to public institutions, the sale to the ostensible purchaser enabled the actual purchasers to accomplish a substantial saving as contrasted with the retail price. Indictment No. 7258 in 30 counts charged defendant Kirkup with violation of section 1864 of the Penal Law in that he aided the codefendant drugstore proprietors in receiving property in the possession of the Suffolk Home of the Department of Public Welfare of the County of Suffolk. Defendant Kirkup is Commissioner of Public Welfare of the County of Suffolk, and proof was adduced from which it could be found that he had permitted such shipments of drugs to the home. The proof is insufficient. The statute was designed to punish those who aid in the conversion of property held by, or in the possession of, the State or one of its subdivisions (Bork v. People, 91 N. Y. 5, 13; People v. Reilly, 255 App. Div. 109, 110, affd. 280 N. Y. 509; People v.

*Dally*, 175 Misc. 680, 684). In the light of its setting, it is the fair import (Penal Law, § 21) of the term "possession", as used in the statute, that it refers to money or property which the county was entitled to retain. The county had nothing to do with these drugs; it neither ordered, used nor paid for them. The acceptance of the drugs by county employees at the home pending their removal at the instance of the actual purchaser was not within the scope of their duties. As to the conspiracy indictment (No. 7256), there is no proof that the drug manufacturers were cheated, in that there is no proof of their lack of knowledge of the operation of the scheme to obtain the institutional discount. Proof that the drugstore proprietors as such were not entitled to, and would not be given, other than a retail price does not serve to show such lack of knowledge. On the contrary, it was shown that the salesmen of the manufacturers not only knew of the arrangement and sent in orders in conformity therewith, but on occasion went personally to the home and picked up the drugs and brought them to the drugstore for sale to the public. The dismissal of these indictments does not mean that we approve of or condone the scheme practiced by the retail drugstore proprietors with the apparent knowledge of the defendant Kirkup. Rather do we vigorously condemn the scheme as being beyond the pale of ethical business practice. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.