THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOYAL E. SHOEMAKER, Defendant.

County Court, Chenango County, March 8, 1948.

*Lynn N. Peterson, District Attorney,* for plaintiff.

*Glenn F. Carter* for defendant.

BARNES, J. David Grant owned a quantity of logs, which he desired to have trucked to the Webb sawmill to be sawed into lumber, which he desired to use in constructing a building. He hired the defendant to truck the logs to this mill. The defendant trucked them (four loads) to a different sawmill where he sold them for $180 and kept the money. The logs were of the market value of more than $100.

The indictment recites the above facts in substance and alleges intent to deprive and defraud the true owner of his property; and accuses the defendant of grand larceny, second degree.

These facts constitute grand larceny. It is not a larceny of each separate log or each separate load of logs. The logs as

a whole were to be trucked and there was no break in the transaction. The only reason they were not all taken at one time was that the truck wouldn't carry them all at one time.

The argument that the representation or agreement to truck the logs was a promise to do an act in the future is untenable. Defendant was a bailee of the logs and the appropriation was an unauthorized and illegal act. (*People* v. *Scudder,* 177 App. Div. 225, affd. 221 N. Y. 670.)

The case is easily distinguished from the situation discussed in *People* v. *Lehrer* (182 Misc. 645). There the accused obtained property as consideration of future promises. There was no bailment there.

The motion to set aside and vacate the conviction is denied. Submit order accordingly.