THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. SADOWY, Appellant, against J. VERNEL JACKSON, as Warden of Clinton State Prison, Respondent.— Appeal by relator from an order of the Clinton County Court dismissing a writ of habeas corpus. On July 15, 1938, appellant was convicted of the crime of robbery, second degree, and sentenced to a term of five to ten years. On February 26, 1942, after serving about three and one-half years, he was paroled. On July 13, 1942, the parole board relinquished active supervision of his case so that he could enter the army. While a member of the armed forces he became absent without leave and was again convicted of the crime of attempted grand larceny, second degree, and sentenced as a second offender to a term of two and one-half to five years. When received at prison he was charged with delinquent time of six years, three months and twenty-seven days on his first sentence, pursuant to section 219 of the Correction Law. Appellant contends that because the parole board relinquished active supervision over him so that he might join the army he was no longer on parole, and that therefore section 219 of the Correction Law does not apply to his case. There is no merit in this contention (Correction Law, § 220). Order unanimously affirmed. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ. [See post, p. 1076.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK LACATENA, Appellant.— An appeal from an order of filiation entered in the Children's Court of Broome County on January 16, 1948. The complainant at the time of this proceeding was a young lady, twenty years of age. The evidence reveals she was possessed of a weak mentality. The complainant testified that she met the defendant in June or July, 1946, while the defendant's testimony reveals that he met her in the latter part of April or first of May, 1946. The child was born on March 22, 1947. The defendant has denied the allegations of intercourse made by the complainant. In a proceeding of this nature it is incumbent upon the complainant to show by a fair preponderance of evidence that the defendant is the father of the child. A careful scrutiny of the evidence is convincing that the complainant has not satisfactorily met the test, required by the courts of this State, to charge the defendant with being the father of the child, especially in view of the contradictions made by the defendant. (Drummond v. Dolan, 155 App. Div. 449; People ex rel. Mendelovich v. Abrahams, 96 App. Div. 27; Commissioner of Public Charities v. O'Keefe, 180 App. Div. 667.) Order of the Children's Court reversed, on the law and facts, and a new trial granted. Hill, P. J., Brewster, Foster, Russell and Deyo, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOYAL E. SHOE-MAKER, Appellant.— Appeal from a judgment of conviction entered in the County of Chenango on the 5th day of February, 1948, and from an order denying an application to vacate said judgment dated March 11, 1948. Judgment and order unanimously affirmed. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ. [191 Misc. 522.]

FREDERICK W. DEARING, Respondent, v. ADIRONDACK TRANSIT LINES, INC., et al., Appellants. ORINA E. DEARING, Respondent, v. ADIRONDACK TRANSIT LINES, INC., et al., Appellants.— Appeal from two judgments, one in favor of the wife, who was injured while alighting from defendant-corporation's bus; the other in favor of the husband for medical expenses and loss of services. The evidence sustains the finding made by the jury that the defendant was negligent. Judgments and orders unanimously affirmed, with disbursements and costs in one action. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.