Appeal from an order of Supreme Court, Special Term, St. Lawrence County, which dismissed appellant’s petition for an order under article 78 of the Civil *956 Practice Act, restraining respondents from enforcing against him the provisions of section 219 of the Correction Law. On July 15, 1938, appellant was convicted of the crime of robbery, second degree, and sentenced to a term of imprisonment for not less than five nor more than ten years. On February 26, 1942, he was paroled, and thereafter supervision of his conduct was suspended for the period of his service in the armed forces of the United States. Appellant entered the armed services on July 22, 1942. While- absent without leave he committed the crime of grand larceny in the first degree and pleaded guilty to the same on December 17, 1943. He was sentenced as a second offender to a term of from two and a half to five years, and when returned to prison was charged with the portion remaining of his maximum term for his first criminal offense and from which he had been released on parole. This was done pursuant to section 219 of the Correction Law. Appellant contends that because the Parole Board relinquished active supervision over him so that he might join the army he was no longer on parole and that, therefore, section 219 of the Correction Law should not have been applied to his ease. The same facts were before us in another appeal taken by appellant from an order dismissing a writ of habeas corpus (People ex rel. Sadowy v. Jackson, 274 App. Div. 961). Order unanimously affirmed. Present — Foster, P. J., Heffeman, Brewster, Deyo and Coon, JJ.