Charles A. Lobeto, J.
Defendant sold certain real property to the plaintiff for the purchase price of $8,000. Upon the land stands a building. Prior to the sale, this parcel of land was part of a larger plot, which he subdivided by the sale. By reason of the subdivision, the building may not be lawfully used. This was not learned by the plaintiff until after title had passed to him and he had expended approximately $12,000 in making alterations and improvements to the building when the Department of Housing and Buildings, upon making an inspection, placed a violation notice requiring its removal or demolition.
The statutory form of bargain and sale deed was delivered to the plaintiff. This suit is for damages resulting from breach of said covenant, which is set forth in the usual form in the deed,' as follows: “ And the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever ”.
It is apparent that plaintiff could not obtain proper and adequate redress if he sued for rescission or reformation. In his complaint he alleges that the defendant’s act of subdividing the land leaving the structure upon the smaller plot, thereby made its use impermissible. It is alleged that by this act the defendant created an incumbrance. The defendant has moved to dismiss the complaint as insufficient in law.
There is no doubt in the court’s mind that the restriction totally prohibiting the use and occupancy of the building is an *869 incumbrance (see Matter of Smith, 65 N. Y. S. 2d 457, 460, and authorities cited).
Defendant argues that it is by reason of a zoning ordinance that the difficulty has arisen and that if a statute limits or prohibits the use of such restriction it is not an incumbrance. He cites Bull v. Burton (227 N. Y. 101) a case not in point. Moreover, this argument is superficial, for it was the act of subdividing the land, the defendant’s act, which was the precipitant cause that made the ordinance operative requiring the building to be condemned.
Defendant also argues that the Real Property Law contemplates some act, other than the act of conveying in accordance with the contract between the parties, as the offending act. The difficulty with this argument is that the statute doesn’t say so.
Subdivision 6 of section 253 thereof reads: “ 6. Grantor has not incumbered.— A covenant that the grantor 1 has not done or suffered anything whereby the said premises have been incumbered,’ must be construed as meaning that the grantor has not made, done, committed, executed, or suffered any act or acts, thing or things whatsoever, whereby or by means whereof, the above mentioned and described premises, or any part or parcel thereof, now are, or at any time hereafter shall or may be impeached, charged or incumbered in any manner or way whatsoever.”
Also the defendant’s attorney contends that what constitutes “premises” within the meaning of this statute has not been impeached. Asserting that “premises” means the physical property and referring to eases dealing with a conflict between the granting and the habendum clauses in the deed and carried away with his own enthusiasm, he blithely and with a flourish concludes his argument stating: ‘6 Governmental regulation of the use to which the property may be put is not an impeachment or encumbrance of the plaintiffs’ title to the property or to the quantity of their estate therein. Raze the building and the plaintiffs would still enjoy and hold a fee simple in the premises. Let the building stand and the plaintiffs still hold and enjoy the fee simple thereto, albeit their use of the property may be restricted by governmental fiat. ’ ’
However, the conveyance is of “ All that certain plot, piece or parcel of land, with the building and improvements thereon erected, situate, lying and being * * The building in addition to the land was conveyed. It is part of the realty and part of the “ premises ” within the intendment of the statute.
Defendant also moves, in the alternative, for an order striking from the complaint paragraphs 8, 9 and 11 as irrelevant and *870 redundant. Paragraph 9, which alleges that the plaintiffs offered to purchase from the defendant additional adjacent land, in order to permit the building to acquire a legal and conforming status, would be pertinent if this were a suit in equity. However, since the plaintiff sues at law for damages, it is irrelevant and should be stricken.
With respect to paragraph 6 of the complaint, although there is some inconsistency, which is due to an awkward statement to the effect that the defendant sold the building and ‘ ‘ solely the land upon which the building stands ’ ’, what the pleader intended is readily ascertainable from a reading of the entire complaint. The next sentence in the paragraph stating that the subdivision was illegal is conclusory and although it may be deemed unnecessary, it is not offensive in the setting of the entire complaint. The motion is denied in all respects, except granted to the extent that paragraph 9 is stricken.