Harry Edelstein, J.
The sole question in this condemnation proceeding is whether the defendant K. G. R. Realty Co. is able to convey to the plaintiff "clear and unencumbered title” within the meaning of chapter 1161 of the Laws of 1971. The plaintiff’s petition for condemnation of the real property[1] pursuant to section 24 of the Condemnation Law was granted without opposition on May 12, 1975. Disposition of the advance payment is governed by chapter 1161 of the Laws of 1971 but no reported case defines the term "clear and unencumbered title” which appears in subdivision 2 thereof. In order to determine the meaning of the term, the court refer *1083 red to the bill jacket[2]; the 1971 Report of the State Commission on Eminent Domain; the [1971] New York Legislative Annual; and the [1971] McKinney’s Session Laws. Each was unilluminating. The time has long since passed for the Legislature to follow the example of the Congress, and to generate and to disseminate memoranda, transcripts of hearings, staff reports, and other sources of legislative intent.
An encumbrance is every right to or interest in real property, other than an easement[3] for a highway, to the dimunition of the value of the real property, though consistent with conveyance of the fee interest therein. (Huyck v Andrews, 113 NY 81, 85.) Every dimunition, of whatever kind or degree, of the ownership in fee simple absolute other than a highway easement is an encumbrance.
The court finds that the term "clear and unencumbered title” as used in chapter 1161 of the Laws of 1971 means fee simple absolute, other than an easement for a highway.
In the case at bar, it is unquestioned that the defendant K. G. R. Realty Co. is the owner of record. The failure of the defendants other than the defendant K. G. R. Realty Co. to appear after due service of process indicates that each has no claim, or forfeits any claim, to any award herein. Thus, on the facts of the case, there are but three obstacles to the conveyance by the defendant K. G. R. Realty Co. of clear and unencumbered title:
1. Utility poles on the property: By its letter dated June 9, 1975, Orange and Rockland Utilities, Inc., admits that its two poles are not easements. Thus, the poles are not encumbrances.
2. Tenancies:
a. The two commercial tenants and the individual tenants occupy their respective premises, but without leases. The court is unable to determine, on the paucity of the evidence before it, which estate in real property (see EPTL 6-1.1) each occupancy constitutes. The question need not be decided, because every estate in real property is an encumbrance. (3 *1084 Warren’s Weed, New York Real Property [4th ed.], Leases and Lettings, § 2.01, p 40.)
b. The court finds that there is an oral lease between the defendant K. G. R. Realty Co. and the Village of Spring Valley for lease of the property in question as a parking lot for the period December 1, 1974-November 30, 1975, inclusive. The defendant K. G. R. Realty Co. admits as much in its letter dated June 10, 1975, to the Mayor of the Village of Spring Valley. A leasehold interest is an encumbrance of title. (Warren’s Weed, supra; Segal v Kulch, 13 AD2d 1011, affd 11 NY2d 834.)
3. Taxes: The Town of Ramapo Tax Roll shows no State or county tax due for the property. The Village of Spring Valley assessment and tax roll shows that the tax due the village is unpaid. An unpaid village tax is a lien (Real Property Tax Law, § 1422), and encumbers the real property if it is levied, determined, and confirmed in the prescribed manner. (Lathers v Keogh, 109 NY 583, 589.)
The court is unable to determine whether the taxes due to the East Ramapo Central School District, if any, were paid.
There is no provision in chapter 1161 of the Laws of 1971 for apportionment of the advance payment. Therefore, the advance payment is to be treated as a unit. Accordingly, it is the decision of the court that the defendant K. G. R. Realty Co. cannot convey clear and unencumbered title within the meaning of chapter 1161 of the Laws of 1971. An order to deposit the advance payment with the County Treasurer of Rockland County will issue. (L. 1971, ch 1161, § 1, subd 2.) Upon satisfactory showing by the defendant K. G. R. Realty Co. that it is able to convey clear and unencumbered title, an order of payment pursuant to chapter 1161 (§ 1, subd 2) of the Laws of 1971 will issue.

. Section SV, plots 582, 583A 583B, 610, and 611, situated in the Village of Spring Valley, Town of Ramapo, County of Rockland.

. A jacket is a collection of written communications to the Governor about a bill presented to the Governor. A bill jacket is a jacket for a bill approved by the Governor. A veto jacket is a jacket for a bill not approved by the Governor.

. "An easement is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former.” (Greenwood Lake & Port Jervis R. R. Co. v New York & Greenwood Lake R. R. Co., 134 NY 435, 439.) An easement is an encumbrance.