OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendants Harold Breslow and Beatrice Breslow to dismiss the plaintiff’s complaint is denied.
This is a motion to dismiss the plaintiff’s complaint pursuant to CPLR 3211 (subd [a], pars 1, 7) or, in the alternative, for summary judgment pursuant to CPLR 3212.
The plaintiff and his wife, since deceased, purchased a condominium from the defendants Harold Breslow and Beatrice Breslow and acquired title thereto pursuant to a deed dated February 24, 1978.
Prior to that transfer, in September, 1977, the County of Suffolk filed a notice of pendency against the Breslows’ property, along with other properties, at the commencement of the County of Suffolk’s proceedings to condemn certain property in order to acquire temporary and permanent easements for construction of the Southwest Sewer. Pursuant to court order the County of Suffolk obtained *425 these easements on October 14, 1977. On July 2, 1981, Honorable William R. Geiler determined that the defendants Harold Breslow and Beatrice Breslow were entitled to $5,400 as compensation for the consequential damages sustained due to the County of Suffolk’s acquisition of the easements. As justification for this award Mr. Justice Geiler stated: “A knowledgeable buyer will certainly pay less for the units facing the permanent easement. He would be aware that the County has a right to maintain the principal interceptor sewer main in perpetuity and thus be subject to all of the inconveniences connected with repairs and reinstallations.”
It appears that work on the sewer did not commence until after conveyance of the property since the defendants do not controvert the plaintiff’s statement that there was no sign of any construction, “no equipment, no workmen, no surveyors”, until approximately one and one-half years after the conveyance of the property.
Notwithstanding the filed notice of pendency and the title report, at the time of sale the purchasers Philip J. Costa, the plaintiff, and his deceased wife were apparently unaware of the easements obtained by the County of Suffolk. The title report made no mention of the notice of pendency.
Pleading four causes of action against the defendants Harold Breslow and Beatrice Breslow, the plaintiff claims the right to the damage award granted to the defendants, Harold Breslow and Beatrice Breslow, by Mr. Justice Geiler on theories of equitable assignment, unjust enrichment, fraud and breach of the covenant against grantor’s acts in the bargain and sale deed with covenant against grantor’s acts.
Although it appears that no answer to the complaint has yet been served, rendering the request for summary judgment pursuant to CPLR 3212 premature (e.g., Alro Bldrs. & Contrs. v Chicken Koop, 78 AD2d 512), the motion to dismiss pursuant to CPLR 3211 (subd [a], pars 1, 7) may be considered.
The moving defendants have argued that the general rule regarding the award of condemnation damages is *426 applicable in this case. That principle is stated in New York Jurisprudence (vol 19, Eminent Domain, § 110): “As a general rule, the owner of property at the time title thereto is divested in condemnation proceedings is the one entitled to the award, and not his subsequent grantee, unless he has assigned his interest in the award to the latter by an appropriate grant indicating an intent to assign.”
The court concludes, however, that this general rule is not applicable to the instant proceeding. It must be noted that Mr. Justice Geiler made an award of consequential damages and it is recovery of that award the plaintiff seeks here. This litigation does not involve a claim for damages awarded for a reduction of the fee.
This is a critical distinction and the point is clearly demonstrated in Matter of Leist (Arthur Ave.) (189 App Div 155). In that case two separate awards were involved resulting from the widening of a street. With respect to the award for the premises actually taken the court concluded that the award was payable to the owner of the property on the date of the condemnation.
The second award was made to the owners of property abutting the widened street which was affected by the regulation and grading of the street. This damage award was ruled to be payable not to the owner of the property as of the date of condemnation, but to the owner at the time the change in the road was actually made. (Accord see Matter of Braico [Change of Grade Damages], 235 App Div 132, affd 260 NY 625.)
Thus, since the essence of the first two causes of action is that the damage award is properly payable to the plaintiff rather than Harold Breslow and Beatrice Breslow, a cause of action is adequately pleaded. This is particularly true in light of the liberal standard to be applied when testing the sufficiency of a complaint. “[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
*427 In addition, the fourth cause of action alleges that the defendants Harold Breslow and Beatrice Breslow breached the covenant against grantor’s acts in the deed conveying the subject property.
This covenant provides: “and the party of the first part [the defendants Harold Breslow and Beatrice Breslow] covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any whatever, except as aforesaid.”
Nowhere in the deed is there mention of the County of Suffolk’s easements.
The County of Suffolk’s permanent easement is certainly an encumbrance with respect to the subject premises since, although not inconsistent with the passage of the fee by the conveyance, it diminishes the value of the property. (62 NY Jur, Vendor and Purchaser, § 64; 2A Warren’s Weed, NY Real Property, Incumbrances, § 1.01; 1A Warren’s Weed, op. cit., Deeds, § 13.09.) The defendants Harold Breslow and Beatrice Breslow cannot reasonably argue that the easement is not an encumbrance since they have sought to, and did, successfully prove the diminution of the value of the property in the proceeding before Mr. Justice Geiler. It has been stated that “[e]very diminution, of whatever kind or degree, of the ownership in fee simple absolute other than a highway easement is an encumbrance.” (Village of Spring Val. Urban Renewal Agency v K.G.R. Realty Co., 82 Misc 2d 1082, 1083.) Moreover, the County of Suffolk’s easement need not exist upon the subject property to constitute an encumbrance. (Monogram Dev. Co. v Natben Constr. Co., 253 NY 320.)
Further, the act of conveying the property subject to an encumbrance is an act sufficient to constitute a breach of the covenant against grantor’s acts. (Bronen v Marmer, 27 Misc 2d 868; 1A Warren’s Weed, op. cit., Deeds, § 13.06; see Matter of Leist [Arthur Ave.], supra, at p 156; 2 Nichols, Eminent Domain, § 5.03.)
Since the motion to dismiss is addressed to the pleading as a whole, and since the court has concluded that the complaint sufficiently states causes of action, and they are *428 not defeated by documentary evidence, the motion to dismiss is in its entirety denied. (E.g., McInerney v Village of Bellport, 87 AD2d 861; De Maria v Josephs, 41 AD2d 655.)