OPINION OF THE COURT
Ronald J. Buttarazzi, J.
The defendant is charged with the misapplication of property in violation of Penal Law § 165.00. The allegations of fact set forth in the accusatory instrument are as follows: "That the said Defendant Jordan G. Webster knowingly, without consent of Hank Parker Rental Center, and creating a risk of non-recovery of a Landa Model PG5-1200 High Pressure washer did enter into a rental agreement with Hank Parker Rental Center on 8/9/86 with a return date of 9/6/86, and failed to return the washer as agreed. The said defendant also *583 has not contacted the rental center, and has subsequently moved and disconnected all his phones, leaving no forwarding address, causing concern that the washer will not be returned or recovered. All contrary to Section 165.00 of the New York State Penal Law [sic]”
Defendant has moved this court for an order dismissing the accusatory instrument pursuant to CPL 170.35 and 170.30.
Penal Law § 165.00 provides as follows: "1. A person is guilty of misapplication of property when, knowingly possessing personal property of another pursuant to an agreement that the same will be returned to the owner at a future time, he loans, leases, pledges, pawns or otherwise encumbers such property without the consent of the owner thereof in such manner as to create a risk that the owner will not be able to recover it or will suffer pecuniary loss.” The purpose of the statute is to prohibit: "The specified loaning, leasing and encumbering activity” which "does not reach the stature [sic] of larceny because it does not necessarily entail an intent to 'deprive’ or 'appropriate’ ”. (See, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.00, at 218; also see, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 165, at 217.) The prosecution argues that defendant "otherwise encumbered” complainant’s property by defendant’s acts and omissions within the meaning of the statute.
The facts alleged in the accusatory instrument are insufficient to sustain the charge of misapplication of property. Penal Law § 5.00 provides that statutes are to be construed according to "the fair import of their terms to promote justice and effect the objects of the law”. However, " '[p]enal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate.’ ” (People v Sansanese, 17 NY2d 302, 306 [1966]; also see, People v Teicher, 52 NY2d 638, 647 [1981]; People v Ditta, 52 NY2d 657 [1981]; People v Wood, 8 NY2d 48, 51 [I960].) Since the term "encumbrance” is ordinarily applied to real property and is defined as "[a]ny right to, or interest in, land which may subsist in another to diminution of its value” (Black’s Law Dictionary 473 [5th ed]; emphasis added; also see, Rhodes v Astor-Pac, Inc., 41 NY2d 919 [1977]; Village of Spring Val. Urban Renewal Agency v K. G. R. Realty Co., 82 Misc 2d 1082 [1975]), the phrase "or otherwise encumbers” is applicable to personal property only by analogy, and, therefore, is to be interpreted in its statutory context and under the rule of ejusdem generis. (See, People v Lamphere, *584 219 App Div 422, 423 [4th Dept 1927]; 56 NY Jur, Statutes, § 130; but see, People v Reilly, 255 App Div 109 [4th Dept 1938], affd 280 NY 509.) The fair import of the proscribed acts and/or activity under Penal Law § 165.00 wherein "[a] person * * * loans, leases, pledges, pawns or otherwise encumbers” is that the contract bailee is prohibited from creating a claim, lien, charge, security interest and/or other legal, equitable or possessory interest or right in a third party or parties without the consent of the bailor. Since it is not alleged that defendant created any such rights or interests in any third party in diminution of the value of the personal property, all the alleged acts and/or omissions of the defendant taken together with his failure to return the personal property do not constitute an act or activity prohibited by Penal Law § 165.00.
A bailment lawful at its inception may be transformed into a larceny. (See, People v Horney, 103 AD2d 891 [3d Dept 1984] [insurance premiums]; People v Shoemaker, 191 Misc 522, affd 274 App Div 961 [3d Dept 1948] [logs]; Ludwig v Pacific Fire Ins. Co., 123 Misc 189 [1924] [automobile].) In order for such lawful possession of the bailee to become a larceny, the appropriation by the bailee must be unauthorized or unlawful. (People v Scudder, 177 App Div 225 [3d Dept 1917], affd 221 NY 670.) In People v Scudder (supra, at 230) the court stated: "It is the ánimos furandi which creates the crime. The intention to make a wrongful appropriation as contradistinguished from one made with the consent of the owner.” Penal Law § 155.05 (1) states: "A person * * * commits larceny when, with intent to deprive another of property * * * he wrongfully * * * withholds such property from an owner thereof.” The information before the court neither accuses the defendant of larceny nor does it allege the required elements of such a crime.
The accusatory instrument is hereby dismissed, without prejudice.