■ THRIFTWAY SERVICES CORP., Appellant, v BORIS SHEVCHENKO, Also Known as BORIS PORTNOVA, et al., Respondents. [826 NYS2d 365]—

In an action to recover damages for fraudulent inducement, breach of contract, and breach of the warranty of quiet enjoyment, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 17, 2005, which denied its motion for summary judgment on the issue of liability and for dismissal of the counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing so much of the third counterclaim as sought to recover for cleanup expenses, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

The defendant Beach Haven Medical Building, Inc. (hereinafter Beach Haven), leased certain premises to the plaintiff Thriftway Services Corp. (hereinafter Thriftway) for its use as business offices, however, the subject premises were located in a building that was not zoned for such use. Thriftway alleges that it was induced to execute the lease based upon oral representations that the subject premises could be used as business offices.

A party may not be heard to complain that he or she was

induced to enter into a transaction by misrepresentation where the facts represented were not matters particularly within the other party's knowledge (see *Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]; *Culver & Theisen v Starr Realty Co. [NE]*, 307 AD2d 910 [2003]). Here, the Supreme Court properly found the existence of a triable issue of fact as to whether a reasonable inquiry would have revealed the zoning restriction (see *Culver & Theisen v Starr Realty Co. [NE], supra*; *Bethka v Jensen*, 250 AD2d 887 [1998]; *Jordache Enters. v Gettinger Assoc.*, 176 AD2d 616 [1991]). Moreover, Thriftway failed to demonstrate as a matter of law that paragraph 15 of the lease, which disclaimed any representations made by Beach Haven and obligated Thriftway to ensure that its use of the subject premises did not violate the certificate of occupancy, was not applicable. Consequently, Thriftway was not entitled to summary judgment on its causes of action alleging fraudulent inducement and breach of contract (see *Bedowitz v Farrell Dev. Co.*, 289 AD2d 432 [2001]; *Cohan v Sicular*, 214 AD2d 637 [1995]).

Furthermore, in the absence of any evidence that an act on the part of the defendants substantially and materially deprived Thriftway of its beneficial use of the subject premises, Thriftway was not entitled to summary judgment on its cause of action alleging breach of the warranty of quiet enjoyment (see *Grammer v Turits*, 271 AD2d 644 [2000]).

However, the Supreme Court erred in denying the unopposed branch of Thriftway's motion which was for summary judgment dismissing so much of the third counterclaim as sought to recover for cleanup expenses, since Thriftway demonstrated as a matter of law that it left the subject premises "in broom-clean condition."

Thriftway's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.