■ PETER WILLIAMS ENTERPRISES, INC., Appellant, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [935 NYS2d 624]—

The plaintiff is the former owner of real property located at 38 Sixth Avenue in Brooklyn. After that property was acquired by the defendant New York State Urban Development Corporation through eminent domain, the plaintiff commenced this action for a judgment declaring, inter alia, that by virtue of a 2001 document, entitled "Easement Agreement," it owned an "above the plane" fee interest in the adjoining property located at 24 Sixth Avenue. The Supreme Court granted the defendants' separate motions to dismiss the complaint insofar as asserted against each of them, inter alia, pursuant to CPLR 3211 (a) (1).

A CPLR 3211 (a) (1) motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, the documentary evidence submitted by the defendants utterly refutes the plaintiff's allegations. Contrary to the plaintiff's contention, considering the subject "Easement Agreement" as a whole (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]), only an easement for air and light, and not an "above-the-plane" fee interest, was conveyed to the plaintiff by the former owner of the property at 24 Sixth Avenue. Moreover, this easement was extinguished when both the dominant and servient parcels came under common ownership, which occurred here when title to both parcels was acquired by eminent domain (*see Simone v Heidelberg*, 9 NY3d 177, 180-181 [2007]; *Will v Gates*, 89 NY2d 778, 784 [1997]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the defendants' separate motions. However, since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff does not own an "above-the-plane" fee interest in the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.

**[Prior Case History: 28 Misc 3d 1239(A), 2010 NY Slip Op 51641(U).]**