■ Gunilla Perez-Faringer et al., Appellants, v Julia Heilman et al., Defendants, and Lila Lambert Carloni, Respondent. [944 NYS2d 170]—

In an action, inter alia, to recover damages for fraud and for rescission, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 22, 2010, which denied their motion for leave to enter a default judgment against the defendant Lila Lambert Carloni and granted the cross motion of the defendant Lila Lambert Carloni for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion for

leave to enter a default judgment against the defendant Lila Lambert Carloni, as the record established that the plaintiffs did not object to the unverified answer served by Carloni within the statutory time frame (*see* CPLR 2101 [f]).

"New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Bernardi v Spyratos*, 79 AD3d 684, 687 [2010]; *Laxer v Edelman*, 75 AD3d 584, 586 [2010]; *Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 593 [2008]; *Mancuso v Rubin*, 52 AD3d 580, 584 [2008]). Mere silence on the part of the seller, without some affirmative act of deception, is not actionable as fraud (*see Beach 104 St. Realty, Inc. v Kisslev-Mazel Realty, LLC*, 76 AD3d 661, 663-664 [2010]; *Rozen v 7 Calf Cr., LLC*, 52 AD3d at 593). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor" (*Jablonski v Rapalje*, 14 AD3d at 485; *see Beach 104 St. Realty, Inc. v Kisslev-Mazel Realty, LLC*, 76 AD3d at 663-664; *Laxer v Edelman*, 75 AD3d at 586). Where " 'the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' " (*East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 975 [2010], quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *see Thriftway Servs. Corp. v Shevchenko*, 35 AD3d 442 [2006]; *Fiorilla v County of Putnam*, 1 AD3d 475 [2003]).

Here, Carloni submitted evidence establishing that she did not actively conceal or fraudulently misrepresent the purportedly defective conditions on the subject property. The evidence further showed that the alleged problems with the subject property were discoverable upon inspection and were matters of public record. In addition, since title to the property had closed and the deed was delivered, the doctrine of merger extinguished any claim the plaintiffs may have had regarding the contract of sale (*see Lunal Realty, LLC v DiSanto Realty, LLC*, 88 AD3d 661, 662 [2011]; *Novelty Crystal Corp. v PSA Institutional Partners, L.P.*, 49 AD3d 113, 115 [2008]; *Simone v Homecheck*

*Real Estate Servs., Inc.*, 42 AD3d 518, 521 [2007]; *Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006]). Thus, Carloni established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted Carloni's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.