■ WILLIAM CORNWELL, Respondent, v NRT NEW YORK LLC et al., Defendants, and AMIR MEIRI, Appellant. [944 NYS2d 132]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 4, 2011, which, insofar as appealed from, denied that branch of defendant Amir Meiri's cross motion seeking to dismiss plaintiff's third cause of action for breach of fiduciary duty, unanimously reversed, on the law, without costs, the motion granted in its entirety and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, the owner of real property, failed to state a cause of action for breach of fiduciary duty against defendant Amir Meiri, a real estate broker, since he did not allege the existence of a fiduciary relationship. It is well settled that a real estate

broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal (*see Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]). Here, however, plaintiff entered into an agreement with defendant Citi-Habitat, a licensed real estate brokerage, providing for defendant John Tarjavaara to act as the exclusive agent to find a lessee for plaintiff's apartments, thereby establishing a fiduciary relationship between plaintiff and defendant brokerage but not between plaintiff and defendant Meiri. The duty did not extend to Meiri, an independent contractor, who had no obligations to plaintiff and who dealt with plaintiff in an arm's length transaction (*see EBC I, Inc. v Goldman Sachs & Co.*, 91 AD3d 211, 219 [2011]). This is evident from the terms of the exclusive agency agreement which provided that Tarjavaara would report all activity to plaintiff on a regular basis and accompany all potential tenants and co-brokers to the premises. Meiri, who approached plaintiff without Tarjavaara present, acted in his own personal interest in negotiating the terms of the leases with plaintiff who chose not to utilize the services of Citi-Habitat for which he had contracted. Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ. [**Prior Case History: 31 Misc 3d 1209(A), 2011 NY Slip Op 50540(U).**]