■ LUIS X. ROJAS et al., Appellants, v ANDREW PAINE et al., Respondents, et al., Defendants. [956 NYS2d 81]—

In April 2005, the plaintiffs entered into a contract to purchase a one-family house in the Town of Greenburgh from the defendants Andrew Paine and Karen Paine (hereinafter together the Paines). The house was situated on property designated as Lot No. 8 on a subdivision map filed in the Westchester County Clerk's office. The Paines were represented in the real estate transaction by the defendant attorney Joyce Danziger. At the closing on June 6, 2005, the Paines delivered to the plaintiffs a bargain and sale deed reciting that the property being granted was "the same property" as had been transferred to the Paines by two separate deeds, both recorded in the Westchester County Clerk's office on March 4, 2005. However, the description of the property contained in Schedule A of the deed delivered on June 6, 2005, only contained the description of the portion of Lot No. 8 set forth in one of the two deeds previously recorded on March 4, 2005.

More than two years after the closing, the plaintiffs commenced this action against several parties, including the Paines and Danziger, claiming, inter alia, that the deed delivered on June 6, 2005, failed to convey all of Lot No. 8, and that the Paines and Danziger had intentionally concealed the fact that Lot No. 8 had been "illegally subdivided" by the two deeds recorded on March 4, 2005. The first cause of action, asserted against, among others, the Paines and Danziger, sought to recover damages for fraud, and the second cause of action, asserted solely against the Paines, sought specific performance of the contract of sale. The Paines moved, among other things, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, and Danziger separately moved

pursuant to CPLR 3211 (a) (7) for the same relief. The plaintiffs cross-moved to compel the transfer of certain real property to them.

Contrary to the plaintiffs' contention, the Supreme Court properly concluded that their first cause of action, seeking to recover damages for fraud, failed to state a cause of action against the Paines and Danziger. "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises where the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Perez-Faringer v Heilman*, 95 AD3d 853, 854 [2012]; *Laxer v Edelman*, 75 AD3d 584, 585 [2010]; *Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 592-593 [2008]; *Mancuso v Rubin*, 52 AD3d 580, 584 [2008]). Mere silence on the part of the seller, without some affirmative act of deception, is not actionable as fraud (*see Rozen v 7 Calf Cr., LLC*, 52 AD3d at 593). For concealment to be actionable as fraud, the plaintiff must show that the defendant "thwarted" the plaintiff's efforts to fulfill his or her responsibilities imposed by the doctrine of caveat emptor (*see Perez-Faringer v Heilman*, 95 AD3d at 854; *Beach 104 St. Realty, Inc. v Kisslev-Mazel Realty, LLC*, 76 AD3d 661, 663-664 [2010]). Where "the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise or ordinary intelligence, the truth or the real quality of the subject of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations" (*Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *see Perez-Faringer v Heilman*, 95 AD3d at 854; *East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 975 [2010]).

Accepting the facts alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]), the first cause of action fails to state a cause of action to recover damages against the Paines and Danziger for fraud. The plaintiffs' allegation that the Paines and Danziger intentionally concealed the fact that Lot No. 8 had been "illegally subdivided" by the two deeds recorded on March 4, 2005, is insufficient to support a fraudulent concealment claim because they had no duty, under the doctrine of caveat emptor, to disclose any information regarding

the premises. Moreover, since the recorded deeds were matters of public record, not exclusively within the knowledge of the Paines and their attorney Danziger, the failure to disclose that the Paines had acquired title by two separate deeds, thereby subdividing Lot No. 8, did not constitute active concealment, and is not actionable as a fraud (*see Perez-Faringer v Heilman*, 95 AD3d at 854; *Stollsteimer v Kohler*, 77 AD3d 1259, 1260 [2010]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1056 [2009]; *Rozen v 7 Calf Cr., LLC*, 52 AD3d at 593; *F.A.S.A. Constr. Corp. v Degenshein*, 47 AD3d 877, 879 [2008]; *Homeside Dev. Corp. v Dassa Brill LLC*, 27 AD3d 258, 259 [2006]; *Mosca v Kiner*, 277 AD2d 937, 938 [2000]; *see also East End Cement & Stone, Inc. v Carnevale*, 73 AD3d at 975). Accordingly, the Supreme Court properly granted Danziger's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her, and properly granted that branch of the Paines' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against them.

The Supreme Court also properly granted that branch of the Paines' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, which was only asserted against them, seeking specific performance of a contract for the sale of real property. Specifically, the plaintiffs sought to compel the Paines to convey to them a portion of the subject property which allegedly was not effectively conveyed pursuant to the completed transaction, as it had been "illegally subdivided" from the properly conveyed portion of the property. "A CPLR 3211 (a) (1) motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law" (*Peter Williams Enters., Inc. v New York State Urban Dev. Corp.*, 90 AD3d 1007, 1008 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d at 88). Specific performance may be awarded only where there is a valid existing contract for which to compel performance (*see Roland v Benson*, 30 AD3d 398, 399 [2006]). Here, the documentary evidence established that the sale of the property that was the subject of the contract had closed, and the deed had been delivered. Since title to the property had closed and the deed was delivered, in the absence of any clear intent by the parties that a relevant provision of the contract of sale would survive delivery of the deed, any claims the plaintiffs might have had arising from the contract of sale were extinguished by the doctrine of merger (*see Lunal Realty, LLC v DiSanto Realty, LLC*, 88 AD3d 661, 662-663 [2011]; *Ka*

*Foon Lo v Curis*, 29 AD3d 525, 526 [2006]; *Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334, 335 [2002]; *Noufrios v Murat*, 193 AD2d 791, 792 [1993]; *Davis v Weg*, 104 AD2d 617, 619 [1984]). Thus, specific performance was not available to the plaintiffs. Therefore, the Supreme Court properly granted that branch of the Paines' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action.

On this record, the plaintiffs failed to demonstrate entitlement to relief on that branch of their cross motion which was to compel the transfer of certain real property to them. Eng, P.J., Skelos, Dickerson and Sgroi, JJ., concur.