JOSEPH SCHOTTLAND et al., Appellants, v BROWN HARRIS STEVENS BROOKLYN, LLC, et al., Respondents, et al., Defendant. [968 NYS2d 90]—

In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 4, 2011, as granted the motion of the defendants Brown Harris Stevens Brooklyn, LLC, and Phyllis Norton-Towers to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) and the separate motion of the defendants Jenny Netzer and Carol R. Netzer for the same relief as to them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Jenny Netzer and Carol R. Netzer which was pursuant to CPLR 3211 (a) to dismiss the fifth cause of action, which alleged breach of the covenant against grantor's acts, insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendants Brown Harris Stevens Brooklyn, LLC, and Phyllis Norton-Towers.

This action arises out of the sale in 2010 of a residential property, located on Clinton Street in Brooklyn, by the defendants Jenny Netzer and Carol R. Netzer (hereinafter together the Netzer defendants), to the plaintiffs for $3.2 million. The defendants Brown Harris Stevens Brooklyn, LLC, and Phyllis Norton-Towers (hereinafter together the Netzers' agents), served as the Netzer defendants' agents and/or brokers in the sale of the property. The defendant Zerline L. Goodman repre-

sented the plaintiffs in the sale. The deed for the property delivered to the plaintiffs contained a covenant against grantor's acts.

In or about 2002, by "Conservation Deed of Easement," the Netzer defendants had granted a conservation easement to the National Architectural Trust, Inc. (hereinafter the Trust), in perpetuity, pursuant to which, inter alia, no changes could be made to the property's facade and exterior without the express written consent of the Trust. The easement was recorded in 2003. After the sale of the property, the plaintiffs allegedly learned for the first time of the easement and commenced the instant action alleging, inter alia, causes of action to recover damages for fraud and negligent misrepresentation. The Netzers' agents and the Netzer defendants separately moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a). The Supreme Court granted both motions.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

"New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]). "Mere silence on the part of the seller, without some affirmative act of deception, is not actionable as fraud" (*Perez-Faringer v Heilman*, 95 AD3d 853, 854 [2012]; *see Matos v Crimmins*, 40 AD3d 1053, 1054 [2007]). " 'To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor" (*Perez-Faringer v Heilman*, 95 AD3d at 854, quoting *Jablonski v Rapalje*, 14 AD3d at 485). "Where the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations"

(*Perez-Faringer v Heilman*, 95 AD3d at 854 [internal quotation marks omitted]).

Here, the Netzer defendants and the Netzers' agents had no duty to disclose the easement under the doctrine of caveat emptor and, thus, could not be liable for their failure to do so. Furthermore, since the documentary evidence submitted by those parties in support of their motions demonstrated that the easement was recorded and a matter of public record, the Netzer defendants and the Netzers' agents established, as a matter of law, that they did not actively conceal the easement from the plaintiffs, and that the plaintiffs were not thwarted in their efforts to fulfill their responsibilities imposed by the doctrine of caveat emptor (*see Rojas v Paine*, 101 AD3d 843 [2012]; *Homeside Dev. Corp. v Dassa Brill LLC*, 27 AD3d 258, 259 [2006]; *cf. Matos v Crimmins*, 40 AD3d 1053, 1055 [2007]). Accordingly, the Supreme Court correctly granted those branches of the motions which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action sounding in fraud and negligent misrepresentation/omission insofar as asserted against those defendants.

Since the Netzer defendants and the Netzers' agents had no duty to disclose the easement, and its existence was a matter of public record, the Supreme Court properly granted those branches of the motions which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action alleging unjust enrichment and breach of the duty of good faith and fair dealing insofar as asserted against those defendants.

The complaint did not contain a claim alleging breach of contract under third-party beneficiary law, nor did the plaintiffs assert such an argument before the Supreme Court. Thus, the plaintiffs' contention that they sufficiently pleaded such a cause of action is not properly before this Court (*see Gomez v Bicknell*, 302 AD2d 107, 117 [2002]).

However, the plaintiffs sufficiently pleaded a cause of action against the Netzer defendants alleging breach of the covenant against grantor's acts, and the documentary evidence submitted by the Netzer defendants does not conclusively establish a defense to that cause of action as a matter of law. The deed indicates that the Netzer defendants covenanted that they had not done anything to encumber the property, and the complaint alleges that, in conveying the property to the plaintiffs subject to the easement, the Netzer defendants violated the covenant against grantor's acts (*see Spruce Hill Homes, Inc. v Brieant*, 288 NY 309, 310-311 [1942]; *Costa v Breslow*, 125 Misc 2d 424, 425 [1984]). Accordingly, the Supreme Court should have denied that branch of the Netzer defendants' motion which was to

dismiss the fifth cause of action insofar as asserted against them pursuant to CPLR 3211 (a). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.