■ LEON BEHAR et al., Appellants, v GLICKENHAUS WESTCHESTER DEVELOPMENT, INC., Respondent. [996 NYS2d 678]—

In an action to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 2, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In November 2007, the defendant, Glickenhaus Westchester Development, Inc. (hereinafter Glickenhaus), sold the plaintiffs a parcel of residential property which was located adjacent to the second hole of the Quaker Ridge Golf Club. In June 2008, a large oak tree situated on the boundary of the properties fell in a storm, creating a gap in the tree canopy that had formed a barrier against the incursion of golf balls struck from the second tee. The plaintiffs subsequently commenced this action, alleging that Glickenhaus fraudulently concealed the risks to the property posed by the neighboring golf course. After discovery, Glickenhaus moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint for failure to state a cause of action and based upon documentary evidence. The Supreme Court granted the motion, and the plaintiffs appeal.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

"New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Platzman v Morris*, 283 AD2d 561, 562 [2001]; *Glazer v LoPreste*, 278 AD2d 198 [2000]). "Mere silence on the part of the seller, without some affirmative act of deception, is not actionable as fraud" (*Perez-Faringer v Heilman*, 95 AD3d 853, 854 [2012]; *see Matos v Crimmins*, 40 AD3d 1053, 1054 [2007]). " 'To maintain

a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor' " (*Perez-Faringer v Heilman*, 95 AD3d at 854, quoting *Jablonski v Rapalje*, 14 AD3d at 485). "Where the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (*Perez-Faringer v Heilman*, 95 AD3d at 854 [internal quotation marks omitted]).

Here, Glickenhaus had no duty to disclose any information regarding the premises under the doctrine of caveat emptor (*see Schottland v Brown Harris Stevens Brooklyn, LLC*, 107 AD3d 684 [2013]; *Rojas v Paine*, 101 AD3d 843 [2012]). Moreover, any risk to the property posed by the incursion of golf balls was a matter readily ascertainable by the plaintiffs through the exercise of ordinary intelligence, and the documentary evidence submitted on the motion demonstrates that any such concerns were a matter of public record not peculiarly within the knowledge of Glickenhaus (*see Schottland v Brown Harris Stevens Brooklyn, LLC*, 107 AD3d at 686; *Rojas v Paine*, 101 AD3d at 845-846).

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.