SECOND DEPARTMENT, JANUARY, 2016

(January 13, 2016)

■ JULIE ADER et al., Appellants, v JOE GUZMAN, Defendant, and CORCORAN REALTY GROUP, LLC, et al., Respondents. [22 NYS3d 576]—

In an action, inter alia, to recover damages for negligence and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 18, 2013, which granted the motion of the defendants Corcoran Realty Group, LLC, N.R.T., LLC, and Corcoran Group Real Estate pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The defendant Joe Guzman is the owner of a residential property located in the Town of Southampton (hereinafter the premises). On or about February 19, 2013, Guzman retained the defendants Corcoran Realty Group, LLC, N.R.T., LLC, and Corcoran Group Real Estate (hereinafter collectively the Corcoran defendants) as his agent to negotiate a lease for the premises for the summer rental season. On or about February 28, 2013, the plaintiffs entered into a lease agreement with Guzman to rent the premises from May 21, 2013, until September 5, 2013, for the sum of $180,000, $18,000 of which was forwarded to the Corcoran defendants as their commis-

sion. Prior to entering into the lease, the plaintiffs and Guzman executed a New York State Disclosure Form for Landlord and Tenant (hereinafter the disclosure form), pursuant to which the plaintiffs expressly acknowledged that the Corcoran defendants were acting as Guzman's agent. Shortly after the term of the lease commenced, the plaintiffs allegedly learned that the premises lacked a valid rental permit as required by section 270-3 of the Town Code of the Town of Southampton.

In June 2013, the plaintiffs commenced this action against Guzman and the Corcoran defendants. As relevant to this appeal, the plaintiffs' fourth and fifth causes of action were asserted against the Corcoran defendants. In their fourth cause of action, the plaintiffs alleged that the Corcoran defendants negligently listed the premises for residential rental when the premises lacked a valid rental permit. The plaintiffs additionally claimed that the Corcoran defendants, in their role as a landlord's agent in a landlord-tenant transaction, had violated the duty under Real Property Law § 443 (4) (b) to deal with the plaintiffs honestly, fairly, and in good faith, and to disclose all facts known to them that materially affected the value and desirability of the premises. In their fifth cause of action, the plaintiffs alleged that the Corcoran defendants were also acting as their agent, and that in this role, the Corcoran defendants had breached their fiduciary duty by advising them that the premises were available for rent, notwithstanding that they lacked a rental permit. The Corcoran defendants subsequently moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiffs appeal.

"A motion to dismiss made pursuant to CPLR 3211 (a) (1) will fail unless the documentary evidence that forms the basis of the defense resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 37 [2006]; *see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015]). Moreover, "a motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Behar v Glickenhaus Westchester Dev., Inc.*, 122 AD3d 784, 785 [2014]).

The Supreme Court correctly granted that branch of the

Corcoran defendants' motion which was to dismiss the fourth cause of action for failure to state a cause of action. Contrary to the plaintiffs' contention, Real Property Law § 443 (4) (b) did not impose a duty upon the Corcoran defendants, as a landlord's agent, to investigate whether the premises had a valid rental permit (*see Rosenblum v Corcoran Group Eastside Inc.*, 2013 NY Slip Op 31700[U] [Sup Ct, NY County 2013]; *2004 Bowery Partners, LLC v E.G. W. 37th LLC*, 32 Misc 3d 1210[A], 2011 NY Slip Op 51243[U] [Sup Ct, NY County 2011]; *Pappas v New 19 W., LLC*, 18 Misc 3d 1138[A], 2008 NY Slip Op 50361[U] [Sup Ct, NY County 2008]; *see also Rallis v Brannigan*, 2008 NY Slip Op 30164[U] [Sup Ct, Nassau County 2008]). Real Property Law § 443 (4) (b), which sets forth the content of the disclosure form that must be provided in certain landlord-tenant transactions, does not "alter the application of the common law of agency with respect to residential real estate transactions" (Real Property Law § 443 [6]; *see Rallis v Brannigan*, 2008 NY Slip Op 30164[U] [2008]). Under the common law, New York adheres to the doctrine of caveat emptor and imposes no liability on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment (*see Hecker v Paschke*, 133 AD3d 713 [2015]; *Schottland v Brown Harris Stevens Brooklyn, LLC*, 107 AD3d 684, 685 [2013]; *Daly v Kochanowicz*, 67 AD3d 78, 87 [2009]; *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *Platzman v Morris*, 283 AD2d 561, 562 [2001]; *Glazer v LoPreste*, 278 AD2d 198, 198 [2000]). Here, the complaint is bereft of any allegation that the Corcoran defendants engaged in any conduct constituting active concealment. Accordingly, the fourth cause of action does not set forth a viable basis upon which to impose liability against the Corcoran defendants.

Further, the Supreme Court correctly granted that branch of the Corcoran defendants' motion which was to dismiss the fifth cause of action, which sought to recover damages for breach of fiduciary duty. "[A] real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal" (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]; *see Cornwell v NRT N.Y. LLC*, 95 AD3d 637, 637-638 [2012]; *Daly v Kochanowicz*, 67 AD3d at 95). Here, although the complaint alleged that the Corcoran defendants acted as the plaintiffs' agent in connection with the subject transaction, the documentary evidence submitted by the Corcoran defendants in support of their motion utterly refuted this claim, thus conclusively establishing a defense to this cause of action as a

matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Air & Power Transmission, Inc. v Weingast*, 120 AD3d 524, 525 [2014]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Corcoran defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.