■ OVARIUS CLERVIL, Appellant, v MAGALIE BELLEVUE et al., Defendants, and TITLESERV, INC., et al., Respondents. (And a Third-Party Action.) [909 NYS2d 524]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated March 26, 2009, as granted that branch of the motion of the defendants Titleserv, Inc., and Hyun S. Bang which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Magalie Bellevue entered into a contract with the defendant Barbara A. Adams to purchase property located at 46-31 157th Street in Flushing (hereinafter the property). The third-party defendant Brian Tracz, who was an attorney, represented the plaintiff and Bellevue during the closing. The defendant Titleserv, Inc. (hereinafter Titleserv), was retained to provide title insurance for the lender, the plaintiff, and Bellevue. The defendant Hyun S. Bang, who was employed by Titleserv, was the title closer during the closing. During the closing, Bang, purportedly with Tracz's authorization, placed a handwritten notation on the deed conveying title from Adams to the plaintiff and Bellevue indicating that the plaintiff received a 5% ownership interest in the property and Bellevue received a 95% ownership interest in the property.

The plaintiff commenced this action, alleging that this handwritten notation was improperly placed on the deed and that ownership of the property between him and Bellevue was supposed to be split equally. The complaint asserted various causes of action against Titleserv and Bang (hereinafter

together the defendants), including, inter alia, fraud, fraudulent concealment, breach of contract, and breach of the implied covenants of good faith and fair dealing. The defendants made a motion, among other things, denominated as one for summary judgment dismissing the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court treated that branch of the motion as one for summary judgment on the merits and granted that branch of the motion.

As an initial matter, contrary to the plaintiff's contention, the Supreme Court properly determined that the parties had deliberately charted a course under which the subject branch of the defendants' motion should be treated as one for summary judgment dismissing the complaint insofar as asserted against them on the merits (cf. *Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]). Turning to the merits of that branch of the motion, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law. In opposition, with respect to the causes of action to recover damages for fraud and fraudulent concealment, the plaintiff failed to raise a triable issue of fact as to whether the defendants were aware that the plaintiff allegedly was to receive a 50% ownership interest in the property (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877, 878 [2006]; *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]). With respect to the causes of action alleging breach of contract and breach of implied covenant of good faith and fair dealing, the plaintiff failed to raise a triable issue of fact as to whether the defendants were a party to the contract alleged to have been breached (*see Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 678-679 [2009]; *HDR, Inc. v International Aircraft Parts*, 257 AD2d 603, 604 [1999]; *American-European Art Assoc. v Trend Galleries*, 227 AD2d 170 [1996]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.