◼ PATRICK KIERAN, Respondent, v PANAGIATIS SINETOS, Also Known as PETE SINETOS, et al., Appellants. [45 NYS3d 131]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered June 19, 2014, made after a nonjury trial, which is in favor of the plaintiff and against them in the principal sum of $30,000 and awarded the plaintiff attorney's fees in the principal sum of $14,496.25.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

According to the parties' trial testimony, the plaintiff and the defendants entered into a joint venture agreement to purchase an automobile dealership. In furtherance of that joint venture, an asset purchase agreement was signed with the seller of the dealership. The plaintiff, however, could not raise his share of the funds necessary for the joint venture. He nonetheless continued his efforts on behalf of the joint venture, and he signed two promissory notes, one with each of the two defendants. Under the terms of those promissory notes, the defendants each agreed to pay the plaintiff the sum of $15,000 within 15 days of the closing of the asset purchase agreement. The

seller of the dealership refused to close, and the defendants commenced an action seeking specific performance on the asset purchase agreement. Eventually, that action was settled, and the asset purchase agreement never closed. The plaintiff then commenced this action against the defendants to recover under the joint venture agreement in the amount of the promissory notes, for quantum meruit, for unjust enrichment, and on an account stated. After a nonjury trial, the Supreme Court dismissed the breach of contract and account stated causes of action and entered judgment in favor of the plaintiff and against the defendants in the principal sum of $30,000, jointly and severally, on the quantum meruit and unjust enrichment causes of action, and, inter alia, an additional amount for an attorney's fee in the sum of $14,496.25. The defendants appeal.

Under CPLR 4213 (b), a court must state "the facts it deems essential" to a decision. The purpose of this requirement is to facilitate meaningful appellate review (*see Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.*, 198 AD2d 494, 495 [1993]). Here, the Supreme Court failed to state any basis for its decision. Remittal, however, is not necessary because the evidence presented was legally insufficient to establish the plaintiff's entitlement to recovery (*see Lagana v Shamsian*, 270 AD2d 313, 313 [2000]).

A plaintiff may not recover in equity under quantum meruit or unjust enrichment where there is an enforceable contract governing the terms of the transaction (*see Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc.*, 96 AD3d 725, 726 [2012]). Here, the plaintiff was no longer a party in the joint venture to purchase the automobile dealership, and he thus was not entitled to be compensated under the joint venture agreement. Instead, he was entitled to be compensated only under the terms of the subsequently signed promissory notes, provided that the terms of the promissory notes were met (*see id.* at 726). Those terms were not met, and the plaintiff may not substitute a recovery in equity (*see Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 758-759 [2009]; *cf. Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]). Finally, the plaintiff failed to establish the elements of an account stated (*see BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]).

In light of our determination, we need not address the defendants' remaining contentions.

Accordingly, the judgment should be reversed and the complaint dismissed. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.