■ 114 WEST 14 REALTY LLC, Respondent, v KENNETH BRANDMAN et al., Defendants, and WESTERN DEVELOPMENT GROUP LLC et al., Appellants. 114 WEST 14 REALTY LLC, Respondent, v KENNETH BRANDMAN, Doing Business as UNITED REALTY GROUP INC., Appellant, et al., Defendants. [48 NYS3d 361]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 28, 2016, which denied the motion of defendants Western Development Group LLC, 53 Murray LLC, Jenny Jengana Haim a/k/a Jenny Haim, Individually and as a Managing Member of Western Development Group LLC, Joyce Reiss, Individually and as a Member of 53 Murray LLC, and Jackie Jengana, s/h/a Jackie Langana Individually and as a Managing Member of 53 Murray LLC, to dismiss the complaint as against them, and order, same court and Justice, entered July 5, 2016, which denied the motion of defendant Kenneth Brandman d/b/a United Realty Group Inc. to dismiss the complaint, and granted plaintiff's cross motion for leave to amend the complaint and for Brandman to pay use and occupancy during the pendency of this action, unanimously reversed, on the law, with costs, and defendants' motions granted, and plaintiff's cross motion denied. The Clerk is directed to enter judgment accordingly.

Plaintiff's cause of action alleging fraud against all defend-

ants is barred by the contract's specific disclaimer language and by the related "as is" and merger language contained in the contract (*see e.g. Mountain Cr. Acquisition LLC v Intrawest U.S. Holdings, Inc.*, 96 AD3d 633 [1st Dept 2012]). The rent-regulated status of an apartment in the building was not a matter peculiarly within the seller's knowledge, so as to permit a claim of justifiable reliance on defendants' alleged misrepresentations concerning that status despite the disclaimer language (*see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 137 [1st Dept 2014]). Even assuming that defendants' alleged misrepresentations about the rent-regulated status of an apartment were not discoverable by plaintiff, plaintiff's reliance upon those misrepresentations would not have been reasonable in light of the contract's language specifically warning plaintiff that defendants made no representations about the rent-regulated status of the building's units or defendants' compliance with the Loft Law (*see Rodas v Manitaras*, 159 AD2d 341 [1st Dept 1990]).

As the remaining causes of action against all moving defendants, concerning the same alleged misrepresentations, are duplicative of plaintiff's insufficient fraud claim, they are dismissed (*see e.g. Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.*, 73 AD3d 581 [1st Dept 2010]). Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.