R. Vig Props., LLC v Rahimzada (2023 NY Slip Op 00887)

R. Vig Props., LLC v Rahimzada

2023 NY Slip Op 00887

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-09818
 (Index No. 703252/12)

[*1]R. Vig Properties, LLC, et al., appellants,
v
Yama Rahimzada, et al., respondents.

Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for appellants.
Dilworth Paxson, LLP, New York, NY (Ira N. Glauber of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud and deceit, misrepresentation, and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated June 14, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 21, 2006, the parties entered into a contract of sale wherein the defendants agreed to sell to the plaintiffs three improved commercial properties for the sum of $20,400,000. The sale closed on December 20, 2006. On December 18, 2012, the plaintiffs commenced this action to recover damages for fraud and deceit, misrepresentation, and breach of contract. The plaintiffs alleged that the defendants represented to them that one of the properties, located in Valatie (hereinafter the Valatie property), was primarily occupied by a master tenant pursuant to a self-sustaining triple-net master lease. The plaintiffs contended that the defendants withheld from them certain facts relating to the Valatie property, including the fact that the master tenant at that property had informed the defendants that it was experiencing financial difficulties and absent rent concessions would breach the master lease and vacate the property; the fact that a prior determination of the United States Bankruptcy Court for the District of New Jersey relieved all prior assignees of the master lease for that property from liability notwithstanding that the terms of the master lease, annexed as an exhibit to the contract of sale, provided that such assignees were liable; and the fact that the master tenant at that property was a single asset entity with no assets other than the lease. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs appeal.
A cause of action to recover damages for fraudulent misrepresentation requires "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [internal quotation marks omitted]; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). A cause of action to recover damages for fraudulent concealment requires, in [*2]addition to the elements of a cause of action to recover damages for fraudulent misrepresentation, "'an allegation that the defendant had a duty to disclose material information and that it failed to do so'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179, quoting P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376).
A plaintiff's reliance must be reasonable (see ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 688; Epifani v Johnson, 65 AD3d 224, 230). If the facts represented are not matters peculiarly within the defendant's knowledge, and the plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, the plaintiff must make use of those means, or it will not be heard to complain that it was induced to enter into the transaction by misrepresentations (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044; Danann Realty Corp. v Harris, 5 NY2d 317, 322; ISS Action, Inc. v Tutor Perini Corp., 170 AD3d at 688).
In the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor (see Hecker v Paschke, 133 AD3d 713, 716). "'New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment'" (Razdolskaya v Lyubarsky, 160 AD3d 994, 996, quoting Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520). "'If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property'" (Razdolskaya v Lyubarsky, 160 AD3d at 996, quoting Hecker v Paschke, 133 AD3d at 716). "'To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor'" (Razdolskaya v Lyubarsky, 160 AD3d at 996, quoting Jablonski v Rapalje, 14 AD3d 484, 485).
Here, the Supreme Court correctly determined that the causes of action sounding in fraud were barred, inter alia, by the specific terms of the parties' contract of sale (see Danann Realty Corp. v Harris, 5 NY2d at 320-321; Comora v Franklin, 171 AD3d 851, 853; 114 W. 14 Realty LLC v Brandman, 147 AD3d 703, 703-704; Kim v Il Yeon Kwon, 144 AD3d 754, 756). Moreover, contrary to the plaintiffs' contention, the facts alleged to have been misrepresented and/or improperly concealed were not matters peculiarly within the defendants' knowledge which could not have discovered by the plaintiffs by the exercise of ordinary intelligence and/or which thwarted the plaintiffs in their efforts to fulfill their responsibilities imposed by the doctrine of caveat emptor (see 1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d 648, 649; Schottland v Brown Harris Stevens Brooklyn, LLC, 107 AD3d 684, 686; Perez-Faringer v Heilman, 95 AD3d 853, 854).
In light of the language of the contract and the plaintiffs' lack of justifiable reliance, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action sounding in fraud (see Hecker v Paschke, 133 AD3d at 717). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants also established their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Davydov v Youssefi, 205 AD3d 879, 880 [internal quotation marks omitted]; see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 886). "The merger doctrine in a real estate transaction provides that once the deed is delivered, its terms are all that survive and the purchaser is barred from prosecuting any claims arising out of the contract" (TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 85; see Ka Foon Lo v Curis, 29 AD3d 525, 526). "The only exception to this rule is where the parties clearly intended that the particular provision of the contract supporting the claim would survive the delivery of the deed" (TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d at 85; see Ka Foon Lo v Curis, 29 AD3d [*3]at 526).
Here, since the sale of the Valatie property closed, the deed was delivered, and the contract demonstrated that the parties did not intend that any provision of the contract would survive delivery of the deed, the doctrine of merger extinguished any claim the plaintiffs may have had regarding the contract of sale (see Perez-Faringer v Heilman, 95 AD3d at 854; Ka Foon Lo v Curis, 29 AD3d at 526). Moreover, to the extent that the cause of action alleging breach of contract was premised on the defendants' alleged breach of the implied covenant of good faith and fair dealing (see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 784), the Supreme Court properly determined, in effect, that such cause of action failed since it was based upon the same omissions that were alleged in connection with the causes of action sounding in fraud.
Finally, the plaintiffs failed to meet their burden of demonstrating that the defendants' summary judgment motion should have been denied as premature since the plaintiffs did not identify facts essential to justify opposition to the motion that were exclusively within the defendants' knowledge and control (see Mogul v Baptiste, 161 AD3d 847, 848; Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; Miller v Icon Group LLC, 77 AD3d 586, 588).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court