Avery v WJM Dev. Corp. (2023 NY Slip Op 02634)

Avery v WJM Dev. Corp.

2023 NY Slip Op 02634

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-08232
 (Index No. 61219/15)

[*1]Linda Avery, et al., appellants,
v
WJM Development Corp., et al., respondents, et al., defendants.

Binakis Law P.C., Woodside, NY (Patrick Binakis of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, fraud, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 9, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the cause of action to rescind the contract insofar as asserted against the defendant WJM Development Corp., on the cause of action, in effect, for an accounting pursuant to Lien Law §§ 75 and 76 insofar as asserted against the defendants WJM Development Corp., Lucien Martin, Stacey Martin, and McPhillips Mechanical, Inc., doing business as B & C Plumbing, Inc., and on the issue of liability on the causes of action to recover damages for breach of contract and fraud insofar as asserted against the defendants WJM Development Corp. and Lucien Martin, and granted those branches of the cross-motion of the defendants WJM Development Corp., Lucien Martin, Stacey Martin, McPhillips Mechanical, Inc., doing business as B & C Plumbing, Inc., and George Galgano which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to rescind the contract insofar as asserted against the defendant WJM Development Corp., in effect, for an accounting pursuant to Lien Law §§ 75 and 76 insofar as asserted against the defendants WJM Development Corp., Lucien Martin, Stacey Martin, and McPhillips Mechanical, Inc., doing business as B & C Plumbing, Inc., and alleging unjust enrichment insofar as asserted against the defendant WJM Development Corp.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2009, a home owned by the plaintiff Linda Avery (hereinafter Linda), in which she and the plaintiff Kyle Avery resided, was flooded and then damaged by fire. In January 2012, Linda and the defendant WJM Development Corp. (hereinafter WJM) entered into a contract (hereinafter the WJM contract) whereby WJM agreed to perform certain restoration work on the home and Linda agreed to pay WJM the total sum of $106,750.
The plaintiffs subsequently commenced this action against, among others, WJM, its owner, its general manager, a subcontractor of WJM, and an attorney who represented WJM (hereinafter collectively the WJM defendants). The complaint, sought, inter alia, to rescind the WJM contract, in effect, an accounting pursuant to Lien Law §§ 75 and 76, and to recover damages for breach of contract, fraud, and unjust enrichment. The plaintiffs moved, inter alia, for summary judgment on the cause of action to rescind the contract insofar as asserted against WJM, on the cause [*2]of action, in effect, for an accounting pursuant to Lien Law §§ 75 and 76 insofar as asserted against WJM, its owner, its general manager, and the subcontractor, and on the issue of liability on the causes of action to recover damages for breach of contract and fraud insofar as asserted against WJM and its general manager. The WJM defendants cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court, among other things, denied those branches of the plaintiffs' motion and granted those branches of the WJM defendants' cross-motion which were to dismiss the causes of action to rescind the contract insofar as asserted against WJM, in effect, for an accounting pursuant to Lien Law §§ 75 and 76 insofar as asserted against WJM, its owner, its general manager, and the subcontractor, and alleging unjust enrichment insofar as asserted against WJM. The plaintiffs appeal.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 873 [internal quotation marks omitted]; see Fairlane Fin. Corp. v Longspaugh, 144 AD3d 858, 859). Here, the plaintiffs' own submissions raised triable issues of fact as to whether Linda performed pursuant to the WJM contract and whether WJM breached its contractual obligations. The evidence established that Linda did not pay WJM the total amount due under the WJM contract, and, contrary to the plaintiffs' contention, they did not eliminate triable issues of fact as to whether Linda was justified in withholding the unpaid amount (see Nenni Equip. Corp. v Massa Constr., Inc., 178 AD3d 711, 712-713). Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract insofar as asserted against WJM and its general manager.
"A cause of action to recover damages for fraudulent misrepresentation requires a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 872 [internal quotation marks omitted]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Here, the plaintiffs assert that the WJM defendants failed to disclose the status of WJM's insurance coverage and home improvement license to the plaintiffs at the time the WJM contract was executed. Contrary to the plaintiffs' contention, the plaintiffs' submissions failed to establish any fiduciary or confidential relationship between the parties which would impose a duty upon the WJM defendants to disclose such information (see McDonnell v Bradley, 109 AD3d 592, 593; Consolidated Bus Tr., Inc. v Treiber Group, LLC, 97 AD3d 778, 779). Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action to recover damages for fraud insofar as asserted against WJM and its general manager.
The Supreme Court properly granted that branch of the WJM defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging unjust enrichment insofar as asserted against WJM. "[T]he existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 23; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 961). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 961; Kieran v Sinetos, 145 AD3d 987, 988). Here, recovery on an unjust enrichment theory is precluded, since that cause of action arises out of the same subject matter as the breach of contract cause of action, which remains a viable part of this case despite the denial of summary judgment to the plaintiff on the issue of liability.
In a prior order issued in this matter, the Supreme Court determined that, since Linda is not a contractor, subcontractor, or laborer, "there are no trust funds being held for her benefit," and thus she was not entitled to verified statements pursuant to Lien Law § 76. On appeal from that order (see Avery v WJM Dev. Corp., 197 AD3d 1141), the plaintiffs did not challenge this [*3]determination. Accordingly, the plaintiffs' present contention that the Supreme Court erred in granting that branch of the WJM defendants' motion which was to dismiss the cause of action, in effect, for an accounting pursuant to Lien Law §§ 75 and 76 insofar as asserted against WJM, its owner, its general manager, and the subcontractor is not reviewable on this appeal (see For the People Theatres of N.Y., Inc. v City of New York, 29 NY3d 340, 363; Candea v Candea, 173 AD3d 667, 669).
The plaintiffs' remaining contention is without merit.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court