410 Lefferts, LLC v 408 Lefferts, LLC (2024 NY Slip Op 03676)

410 Lefferts, LLC v 408 Lefferts, LLC

2024 NY Slip Op 03676

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-08289
 (Index No. 502322/21)

[*1]410 Lefferts, LLC, appellant, 
v
408 Lefferts, LLC, et al., defendants, VIT, LLC, et al., respondents.

Tsyngauz & Associates, P.C., New York, NY (Ryan C. Banich of counsel), for appellant.
The Law Offices of Joshua Bronstein & Associates, PLLC, Port Washington, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 30, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendants VIT, LLC, and Vladimir Ilyayev.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendants VIT, LLC, and Vladimir Ilyayev is granted.
The plaintiff entered into a contract to purchase real property from, among others, the defendants VIT, LLC, and Vladimir Ilyayev (hereinafter together the sellers) for the sum of $8 million. The plaintiff subsequently commenced this action, inter alia, to recover damages for the sellers' alleged breach of a provision in the contract by which the sellers agreed to pay all fines associated with any open Environmental Control Board and Department of Buildings violations at closing or within 12 months thereafter. The plaintiff moved, among other things, for summary judgment on the cause of action alleging breach of contract insofar as asserted against the sellers. The sellers, inter alia, opposed the motion. The Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 873 [internal quotation marks omitted]). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). "The rule has even greater force in the context of real property transactions, where commercial certainty is a paramount concern, and where, as here, the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [citation and [*2]internal quotation marks omitted]). Here, contrary to the Supreme Court's determination, the plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action alleging breach of contract insofar as asserted against the sellers, as there is no dispute that the sellers failed to pay the subject fines by the agreed-upon date.
The sellers failed to raise a triable issue of fact in response. The contract provision stating that the sellers "will not be responsible for any work needed to clear the violations of record" and the contract provisions suggesting that the plaintiff was intending to perform construction at the properties do not absolve the sellers from their obligation to pay the fines associated with the open violations (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902). "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]).
Furthermore, as there is no ambiguity in the subject contract provision here (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404; Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d at 475), the sellers' attempt to introduce extrinsic evidence to alter or add to the terms of the contract is prohibited by the parol evidence rule (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436), as well as by the contract's merger clause (see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 599).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against the sellers.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court