Bartlett Plaza, LLC v Jose (2025 NY Slip Op 05662)

Bartlett Plaza, LLC v Jose

2025 NY Slip Op 05662

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-02561
 (Index No. 527469/21)

[*1]Bartlett Plaza, LLC, appellant, 
v
Julio Jose, et al., respondents, et al., defendant.

Abrams Fensterman, LLP, Brooklyn, NY (Justin Kelton, Lisa Colosi Florio, and Aaron Zucker of counsel), for appellant.
Kishner Miller Himes, New York, NY (Bryan W. Kishner of counsel), for respondents Julio Jose and Rosalinda Jose.
Lieb at Law, P.C., Smithtown, NY (Kimberly A. Morgan and Claudia Cannon of counsel), for respondent Corcoran Group, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, breach of contract, and negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn W. Wade, J.), dated November 13, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Julio Jose and Rosalinda Jose which was, in effect, for summary judgment dismissing the first cause of action insofar as asserted against them, and granted that branch of the cross-motion of the defendant Corcoran Group, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In February 2020, the plaintiff, Bartlett Plaza, LLC, entered into a contract with the defendants Julio Jose and Rosalinda Jose (hereinafter together the sellers) to purchase certain commercial property located in Brooklyn. The contract included a postclosing possession agreement permitting the sellers to occupy the property beyond the closing date and allowing for escrow funds to be released to the plaintiff should the sellers not deliver the property vacant by a certain date. The closing took place in January 2021. In October 2021, the plaintiff commenced this action, inter alia, to recover damages for fraud, breach of contract, and negligence, alleging that, despite the terms of the contract and the assurances of the sellers and their listing agent, the defendant Corcoran Group, Inc. (hereinafter Corcoran), that the sellers were the sole occupants of the property, that the property was not occupied by any third-party tenant, and that the property would be delivered vacant, to the contrary, the property was occupied at the time of closing by a third-party tenant operating an auto repair shop pursuant to a multiyear lease.
The sellers subsequently moved, in effect, for summary judgment dismissing the first cause of action, alleging fraud, insofar as asserted against them. Corcoran cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed [*2]the motion and the cross-motion. The Supreme Court, among other things, granted those branches of the motion and the cross-motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not improperly convert that branch of the sellers' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the first cause of action insofar as asserted against them into one for summary judgment dismissing that cause of action. Rather, since the motion was made after issue was joined, and since the parties deliberately charted a summary judgment course, the court properly treated that branch of the sellers' motion as one for summary judgment dismissing that cause of action insofar as asserted against them (see Bank of N.Y. Mellon v Green, 132 AD3d 706, 706; Clervil v Bellevue, 77 AD3d 697, 698). Further, the court properly granted that branch of the motion.
"To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Davidoff v Hershfield, 233 AD3d 926, 927 [internal quotation marks omitted]; see John v Elefante, 210 AD3d 666, 668). "A plaintiff's reliance must be reasonable" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872). Where the facts represented are not matters peculiarly within the party's knowledge and the other party has the means available to him or her of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he or she must make use of those means, or he or she will not be heard to complain that he or she was induced to enter into the transaction by misrepresentations (see Danann Realty Corp. v Harris, 5 NY2d 317, 322; R. Vig Props., LLC v Rahimzada, 213 AD3d at 872; John v Elefante, 210 AD3d at 668). Here, the sellers demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, alleging fraud, insofar as asserted against them by establishing that even if there was a material misrepresentation, any reliance thereon was unreasonable, since the plaintiff had the means available to it of knowing, by the exercise of ordinary intelligence, the existence and status of the third-party tenant (see R. Vig Props., LLC v Rahimzada, 213 AD3d at 873; Adrien v Estate of Zurita, 29 AD3d 498, 499). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court properly granted that branch of Corcoran's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it. Corcoran demonstrated, prima facie, that it did not actively conceal the third-party tenant's existence and status and did not thwart the plaintiff's efforts to fulfill its responsibilities fixed by the doctrine of caveat emptor (see R. Vig Props., LLC v Rahimzada, 213 AD3d 873; Schottland v Brown Harris Stevens Brooklyn, LLC, 107 AD3d 684, 686; Glazer v LoPreste, 278 AD2d 198, 199). In opposition, the plaintiff failed to raise a triable issue of fact.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court