Lin Chen v Zum Dev., Inc.

2026 NY Slip Op 01937

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lin Chen, et al., appellants,

v

Zum Development, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2022-08550, 2023-01748, (Index No. 602014/22)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Moritt Hock & Hamroff LLP, Garden City, NY (Robert J. Fryman and Nicholas G. Calabria of counsel), for appellants.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Greg S. Zucker of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract and fraudulent misrepresentation, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered October 4, 2022, and (2) an order of the same court entered January 17, 2023. The order entered October 4, 2022, insofar as appealed from, granted those branches of the motion of the defendants Zum Development and Ehsan Elnaghave which were pursuant to CPLR 3211(a) to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them and the sixth and seventh causes of action insofar as asserted against the defendant Ehsan Elnaghave. The order entered January 17, 2023, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendant Albert Salem and granted those branches of the cross-motion of the defendant Albert Salem which were, in effect, to vacate his default in appearing or answering, to extend the time to answer the complaint, and pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action insofar as asserted against him.

ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.

On February 23, 2021, the defendant Zum Development, Inc. (hereinafter Zum Development), entered into a contract of sale in which it agreed to sell a residential property (hereinafter the house) located in Great Neck to the plaintiffs for $1,750,000. In February 2022, the plaintiffs commenced this action, inter alia, alleging fraudulent misrepresentation (second cause of action), negligent misrepresentation (third cause of action), fraudulent concealment (fourth cause of action), fraudulent inducement (fifth cause of action), promissory estoppel (sixth cause of action), and unjust enrichment (seventh cause of action). The first cause of action, to recover damages for breach of contract, was asserted against Zum Development only. The plaintiffs alleged that the defendants represented to them that the house was brand new when the house had actually been built on top of an existing foundation. The plaintiffs further asserted that the property had a variety of issues related to Zum Development's alleged faulty construction of the house.

Zum Development and the defendant Ehsan Elnaghave (hereinafter together the Zum defendants) moved, among other things, pursuant to CPLR 3211(a) to dismiss the second, third, fourth, fifth, sixth, and seventh causes of action insofar as asserted against them. In an order entered [*2]October 4, 2022, the Supreme Court, inter alia, granted those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against the Zum defendants and the sixth and seventh causes of action insofar as asserted against Elnaghave. The defendant Albert Salem failed to appear in the action. The plaintiffs moved for leave to enter a default judgment against Salem. Salem opposed the plaintiffs' motion and cross-moved, among other things, in effect, to vacate his default in appearing or answering, to extend the time to answer the complaint, and pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action insofar as asserted against him. In an order entered January 17, 2023, the court, inter alia, denied the plaintiffs' motion and granted those branches of Salem's cross-motion. The plaintiffs appeal from the order entered October 4, 2022, and the order entered January 17, 2023.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Granizo v Krystal Fruits & Vegetables, Inc., 238 AD3d 719, 720; see Gorbatov v Tsirelman, 155 AD3d 836, 837). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Granizo v Krystal Fruits & Vegetables, Inc., 238 AD3d at 720; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Granizo v Krystal Fruits & Vegetables, Inc., 238 AD3d at 720; see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806).

The Supreme Court properly granted those branches of the Zum defendants' motion which were to dismiss the second, fourth, and fifth causes of action insofar as asserted against them. "A cause of action to recover damages for fraudulent misrepresentation requires a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179). "A cause of action to recover damages for fraudulent concealment requires, in addition to the elements of a cause of action to recover damages for fraudulent misrepresentation, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 872; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179). "In the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 872; see Hecker v Paschke, 133 AD3d 713, 716). "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 872 [internal quotation marks omitted]; see Razdolskaya v Lyubarsky, 160 AD3d 994, 996). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 873 [internal quotation marks omitted]; see Razdolskaya v Lyubarsky, 160 AD3d at 996). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 873 [internal quotation marks omitted]; see Razdolskaya v Lyubarsky, 160 AD3d at 996).

Here, the Supreme Court correctly determined that the second, fourth, and fifth causes of action, sounding in fraud, were barred by the specific terms of the contract of sale (see Comora v Franklin, 171 AD3d 851, 853; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 891). Moreover, contrary to the plaintiffs' contentions, the facts alleged to have been misrepresented [*3]and/or improperly concealed were not matters peculiarly within the Zum defendants' knowledge, which could not have been discovered by the plaintiffs by the exercise of ordinary intelligence, and did not thwart the plaintiffs in their efforts to fulfill their responsibilities fixed by the doctrine of caveat emptor (see R. Vig Props., LLC v Rahimzada, 213 AD3d at 872). Accordingly, the court properly granted those branches of the Zum defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second, fourth, and fifth causes of action insofar as asserted against them.

The Supreme Court properly granted that branch of the Zum defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging negligent misrepresentation, insofar as asserted against them. "To recover on a theory of negligent misrepresentation, a plaintiff must establish that the defendant had a duty to use reasonable care to impart correct information because of some special relationship between the parties, that the information was incorrect or false, and that the plaintiff reasonably relied upon the information provided" (Atlasman v Korol, 238 AD3d 826, 830; see Grammar v Turits, 271 AD2d 644, 645). "Generally, [a] special relationship does not arise out of an ordinary arm's length business transaction between two parties" (Atlasman v Korol, 238 AD3d at 830 [internal quotation marks omitted]; see Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240). "[A] plaintiff in an action for negligent misrepresentation must show either privity of contract between the plaintiff and the defendant or a relationship so close as to approach that of privity" (Atlasman v Korol, 238 AD3d at 830 [internal quotation marks omitted]; see Sykes v RFD Third Ave. 1 Assoc., LLC, 15 NY3d 370, 372). Here, the facts alleged in the complaint do not suggest that the parties were in a relationship of privity or near-privity when the Zum defendants made their alleged negligent misrepresentations as the alleged negligent misrepresentations were made prior to the execution of the contract of sale. Moreover, the facts alleged are duplicative of the breach of contract cause of action (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 752).

The Supreme Court properly granted those branches of the Zum defendants' motion and Salem's cross-motion which were pursuant to CPLR 3211(a) to dismiss the sixth and seventh causes of action, alleging promissory estoppel and unjust enrichment, insofar as asserted against Elnaghave and Salem, respectively, as the condition of the house and any required repairs were covered by the contract of sale between Zum Development and the plaintiffs (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389; Auquilla v Villa, 240 AD3d 48). Moreover, the plaintiffs' sixth and seventh causes of action are based on the alleged unjust enrichment of Zum Development and the alleged promises made by Zum Development, and there are no allegations that any representations were made by Elnaghave or Salem or that they were directly unjustly enriched. As such, the conclusory allegations in the complaint were insufficient to state a cause of action alleging unjust enrichment or promissory estoppel against Elnaghave or Salem (see Weinstein v Natalie Weinstein Design Assoc., Inc., 86 AD3d 641, 643).

The Supreme Court also properly denied the plaintiffs' motion for leave to enter a default judgment against Salem and granted those branches of Salem's cross-motion which were, in effect, to vacate his default in appearing or answering and to extend the time to answer the complaint. "On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (Pantanilla v Yuson, 237 AD3d 1213, 1214 [internal quotation marks omitted]; see CPLR 3215[f]; Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense" (Pantanilla v Yuson, 237 AD3d at 1215; Natl. Loan Invs., L.P. v Bruno, 191 AD3d 999, 1002). "A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (Bank of N.Y. Mellon v Gaston, 241 AD3d 1242, 1246). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Mountain Val. Indem. Co. v Cabrera, 241 AD3d 541, 544).

Here, considering the short time that Salem was in default, the lack of willfulness, the lack of prejudice to the plaintiffs, and the strong public policy in favor of resolving cases on the [*4]merits, Salem offered a reasonable excuse for his default (see Torres v Sawyers, 240 AD3d 927). Further, Salem demonstrated that he had meritorious defenses to the plaintiffs' causes of action (see Mountain Val. Indem. Co. v Cabrera, 241 AD3d 541).

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court